IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN MCDONNELL, individually and as parent and next friend of Greg McDonnell, a minor, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-04-2957 |
| DEPUTY CONSTABLE SCHMIDT, NATHAN GREEN, TOM TREADWELL, AND RALPH GONZALES, in their individual capacities, | § § § § § § | |
| Defendants. | | |

ORDER

Pending before the Court is Defendant Nathan Green's Motion for Summary Judgment (Instrument No. 31). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

BACKGROUND

This is an action brought pursuant to 42 U.S.C. § 1983 against Harris County Arson Investigator Nathan Green ("Green"), a licensed peace officer, in his individual capacity.[1] Plaintiff Glenn McDonnell ("McDonnell"), individually and as parent and

---

[1] Plaintiff originally brought suit against three other Defendants, Deputy Constable John Schmitt, Tom Treadwell and Ralph Gonzales. The parties indicate that Schmitt's name

next friend of his son, Greg McDonnell, alleges that Green wrongfully arrested his son for arson. McDonnell's claims against Green stem from a series of events that began on July 21, 2002, when Schmitt saw smoke coming from between two portable buildings at Adam Elementary School.[2] Schmitt detained Greg McDonnell after finding him and a friend with a lighter and a burning cardboard box. Later that afternoon, after reporting the fire to the Cy-Fair Volunteer Fire Department, Schmitt arrested Greg McDonnell for criminal trespass at the school. Four days later, the school district reported the fire to the Harris County Department of Fire and Emergency Services ("Fire Department"), and Green was assigned to investigate.[3] On August 12, 2002, after completing his investigation, Green arrested Greg McDonnell and transported him

---

was misspelled "Schmidt" in the caption and throughout the parties' pleadings. Treadwell and Gonzales worked security at Adam Elementary School, which is located in the Cypress-Fairbanks Independent School District. The claims against Defendants Schmitt, Treadwell and Gonzales have been dismissed pursuant to stipulations by the parties.

[2] Schmitt was driving to work that Sunday when he saw the smoke. It is undisputed that Greg McDonnell and another minor were smoking cigars on school grounds. Green contends that the boys also had burned a patch of grass and some newspaper along with the cardboard box. Further, the artificial turf covering a wooden deck on one of the buildings had burn marks on it, but the parties disagree about whether this damage was related to this incident.

[3] The report apparently was delayed because the school district and the constable's office each believed the other already had reported the fire, which explains why Green's investigation did not begin until July 25, 2002. The parties do not indicate how the report was filed or what information it contained.

to the Harris County Juvenile Detention Center.[4]

McDonnell brought the instant suit on July 21, 2004, alleging that Green arrested his son without probable cause in violation of Greg McDonnell's Fourth and Fourteenth Amendment rights. Specifically, Glenn McDonnell contends Green arrested his son three weeks after the incident following an incomplete investigation wherein Green failed to speak with anyone who reported to the scene on the day of the fire, failed to obtain a copy of Schmitt's report before the arrest, and neglected to collect any evidence from the scene. Further, McDonnell alleges Green fabricated evidence to support the criminal charge.

Green filed the instant motion for summary judgment, asserting the affirmative defense of qualified immunity. He argues that at the time he took Greg McDonnell into custody, he had probable cause to believe Greg McDonnell had committed arson. Alternatively, Green argues that if he mistakenly believed probable cause existed, such belief was reasonable under the circumstances.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R.

---

[4] Both the arson and criminal trespass charges later were dismissed and expunged from Greg McDonnell's records by the 314th District Court of Harris County.

CIV. P. 56(c). The court must view the evidence in a light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come "forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Furthermore, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 47-48. Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Employees v. City Pub.*

4

*Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). Thus, the non-movant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). It is not the function of the court to search the record on the non-movant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

## LAW AND ANALYSIS

In the instant case, McDonnell alleges Green arrested Greg McDonnell without probable cause, and in doing so, violated Greg McDonnell's Fourth and Fourteenth Amendment rights. In response, Green asserts he is entitled to qualified immunity. To recover for a constitutional violation under § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a federally-protected right. 42 U.S.C. § 1983 (2000); *see Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1986); *Paz v. Weir*, 137 F. Supp. 2d 782, 796 (S.D. Tex. 2001).

When sued for a constitutional violation under § 1983, state officials may assert the affirmative defense of qualified immunity. This defense shields police officers from personal liability for civil damages if "a reasonable officer could have believed that the challenged conduct did not violate clearly established statutory or constitutional

rights."[5] *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992) (quoting *Husband v. Bryan*, 946 F.2d 27, 30 (5th Cir. 1991)). Once a defendant has shown he or she is entitled to assert the qualified immunity defense, the plaintiff bears the burden of showing the defense does not apply to his or her case. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc); *see also Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001) (describing qualified immunity as "a significant hurdle" for plaintiffs to surmount).[6] In the case at bar, the Court finds that Green may properly raise the qualified immunity defense because he acted in his capacity as a Harris County arson investigator when he investigated the July 21, 2002 fire at Adam Elementary School, and he exercised his discretionary authority when he decided to arrest Greg McDonnell.

Because qualified immunity may be asserted by Green, the Court must consider whether the defense shields him from liability for arresting Greg McDonnell. Courts engage a two-step test to determine if a defendant prevails on the qualified immunity

---

[5] To establish that the defense applies, government officials must demonstrate that the conduct complained of occurred while they were acting in their official capacity and within the scope of their discretionary authority. *Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir. 2004) (citing *Cronen v. Texas Dep't of Human Servs.*, 977 F.2d 934, 939 (5th Cir. 1992)).

[6] Generally, "abrogation of qualified immunity is the exception not the rule." *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

defense. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001). First, a court must decide whether the facts alleged, which must be viewed in the light most favorable to the plaintiff, demonstrate that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a plaintiff cannot establish that there was such a constitutional violation, then the defendant is entitled to qualified immunity. *Saucier*, 533 U.S. at 201. On the other hand, if a plaintiff establishes a constitutional violation, then he or she must present sufficient evidence to show that the constitutional right is clearly established. *Id*. A right is clearly established "only when its contours are sufficiently clear that a reasonable official would have realized that his conduct violated that right, not simply that the conduct was otherwise improper." *Foster*, 28 F.3d at 429.

In the instant case, McDonnell must first demonstrate that Green violated one of Greg McDonnell's constitutional rights. McDonnell asserts that Green wrongfully arrested and charged Greg McDonnell, a minor, in violation of the Fourth and Fourteenth Amendments. Specifically, he complains Green arrested his son for arson without probable cause. The Fourth and Fourteenth Amendments require that warrantless arrests be based on probable cause. *Bodzin v. City of Dallas*, 768 F.2d 722, 724 (5th Cir. 1985); *see also Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn*, 242 F.3d at 313 (quoting *Spiller v. Texas City*, 130 F.3d 162, 165 (5th Cir. 1997)). "[P]robable cause is the 'sum total of layers of information and the synthesis of what police have heard, what they know, and what they observed as trained officers.'" *United States v. Shaw*, 701 F.2d 367, 376 (5th Cir. 1983) (quoting *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir. 1978) (en banc)). In determining whether the probable cause requirement has been met, however, courts should not "second guess" an officer's decision to arrest because of subsequent developments in an investigation or because evidence later was insufficient to convict. *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988).

In the case at bar, McDonnell argues that probable cause was lacking because Green did a perfunctory investigation before arresting his son. McDonnell points the Court to the fact that Green did not begin investigating the fire until four days later, when he first went to the school to see the alleged arson. It is undisputed that Green did not tag any evidence from the scene and that he never spoke directly with the officers who responded to the scene that day of the incident before arresting Greg McDonnell.

Further, McDonnell asserts Green, an acquaintance of the McDonnell family, should have spoken to him about the incident in the three weeks before he actually arrested his son. McDonnell contends he and his son returned to the school the day after the incident and did not find any burned newspaper or artificial turf. Additionally, McDonnell alleges that Green photographed a different location at the school than where the fire set by his son occurred. McDonnell asserts Green fabricated evidence or, alternatively, there is a fact issue regarding spoliation of the evidence. Finally, McDonnell contends that there was no probable cause because the crime of arson requires more than the burning of a cardboard box.[7]

In response, Green asserts he had probable cause to arrest Greg McDonnell for both arson and delinquent conduct.[8] Green consulted with another deputy constable from Schmitt's office about the incident, and while he concedes he did not personally interview Schmitt, Green contends that he relied on Schmitt's written report in determining what happened at the school on July 21, 2002. Further, Green directs the

---

[7] Under Texas law, a person commits arson "if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion with intent to destroy or damage: (1) any vegetation, fence or structure on open-space land; or (2) any building, habitation or vehicle . . . (d) knowing that it is located on property belonging to another ..." TEX. PENAL CODE ANN. § 28.02 (Vernon 2005).

[8] Under the Texas Family Code, a child may be taken into custody by a law enforcement officer if there is probable cause to believe that the child has engaged in (1) conduct that violates a penal law; or (2) delinquent conduct or conduct indicating a need for supervision. TEX. FAM. CODE Ann. § 52.01(a)(3)(A), (B) (Vernon 2005).

Court to the fact that Greg McDonnell admitted setting the box on fire and that Green saw firsthand the burn damage on the artificial carpet.

Green also asserts he consulted school officials about the fire damage. He states that a school custodian confirmed that the damage did not exist before that weekend. Additionally, Green contends he was privy to a series of e-mails among school officials in which they discussed repairing the damages from the fire. Finally, Green argues a reasonable arson investigation does not require that the investigator collect every piece of evidence from each fire scene. Based on the totality of these facts and circumstances, Green argues he had probable cause to arrest Greg McDonnell.

The Court agrees Green had probable cause to arrest Greg McDonnell. Generally, law enforcement officers have a duty to reasonably investigate possible crimes before making any arrests. *See Bigford*, 834 F.2d at 1218 (noting that probable cause requires that an officer have a reasonable basis under the circumstances before arresting a suspect); *Kuehl v. Burtis*, 173 F.3d 646 (8th Cir. 1999) (finding no probable cause where an officer "ignored plainly exculpatory evidence"). Here, Green arrested Greg McDonnell based on what he was told by school officials and another deputy constable, the contents of the lead deputy's written report, and his own firsthand view of the damage at the fire scene. Thus, even though Green may not have had enough evidence to secure a conviction, he had sufficient evidence to surpass the probable

cause threshold.[9]  *See Kerr v. Lyford*, 171 F.3d 330, 342 n.16 (5th Cir. 1999) (noting that probable cause is a low threshold that requires much less than the evidence required to sustain a conviction), *abrogated on other grounds*, 352 F.3d 939 (5th Cir. 2003); *see also Gordy v. Burns*, 294 F.3d 722 (5th Cir. 2002) (finding probable cause even where some evidence suggested the defendant was not guilty of the offense).  The Court finds that Green did not violate Greg McDonnell's constitutional rights when he arrested him for the July 21, 2002 arson at Adam Elementary.

Nevertheless, for purposes of its analysis, the Court will assume arguendo Glenn McDonnell demonstrates a wrongful arrest in violation of the Fourth Amendment. Under the second step of the qualified immunity test, McDonnell must show that Green's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Stated another way, Green is entitled to qualified immunity if a reasonable officer in his position could have believed there was probable cause Greg McDonnell had committed arson.  *Glenn*, 242 F.3d at 313; *Haggerty v. Texas S. Univ.*, 391 F.3d 653 (5th Cir. 2004) (stating that a defendant is entitled to qualified immunity if, in light of the totality of facts and circumstances known to that defendant, a reasonable officer

---

[9] In a qualified immunity analysis, it is irrelevant that criminal charges are later dropped or that a plaintiff is found innocent of the criminal charges for which he or she is now seeking civil damages.  *See Piazza v. Mayne*, 23 F. Supp. 2d 658, 662 (E.D. La. 1998).

would have believed there was a "fair probability" that a suspect had committed a criminal offense); *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434-35 (5th Cir. 1993) (noting that officers are entitled to qualified immunity if their decisions–albeit mistaken–were reasonable under the circumstances).

Therefore, if "a reasonably competent police office would find no probable cause," there will be no qualified immunity. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000). However, if "officers of reasonable competence could disagree" as to whether there was probable cause, the officer may successfully raise a qualified immunity defense. *Id.* Thus, the standard for qualified immunity provides "ample room for mistaken judgments." *Id*. The issue of objective reasonableness is one for a court as a matter of law. *Jones v. Fountain*, 121 F.Supp.2d 571, 573 (E.D. Tex. 2000).

In the case at bar, the dispositive fact issue is whether Green could have reasonably believed Greg McDonnell had committed felony arson or engaged in delinquent conduct. Green decided to arrest Greg McDonnell after he consulted with another deputy constable from Schmitt's office and also school officials about the incident, learned that Greg McDonnell admitted to setting the box on fire, and saw burn damage on the building's artificial carpet. The facts indicate that, at the very least, Green reasonably believed he had probable cause to take Greg McDonnell into custody

for arson. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (noting that in considering probable cause, courts need only find a basis "for an officer to believe to a 'fair probability' that a violation occurred"); *see also Brown*, 243 F.3d at 190 (stating that "there must not even 'arguably' be probable cause for the search and arrest for immunity to be lost"); *Saldana v. Garza*, 684 F.2d 1159, 1164 (5th Cir. 1982) (barring plaintiff's § 1983 claim because of qualified immunity even though officer arrested plaintiff for public intoxication on plaintiff's private property).

Hence, the Court determines that Green's actions, taken in the light most favorable to McDonnell, were not objectively unreasonable as a matter of law. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). Green's determination that he had probable cause to arrest Greg McDonnell did not amount to either a knowing violation of the law or sheer incompetence. *Mendenhall*, 213 F.3d at 230 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The Court disagrees with McDonnell's allegations of fabricated evidence, which are merely conclusory and unsupported by facts. However, assuming there is some factual basis for these assertions, the Court finds McDonnell has failed in his burden to show not only that the arrest was illegal but that "the arrest was so illegal as to violate clearly established law." *Garza*, 684 F.2d at 1165. Consequently, Green is entitled to qualified immunity on McDonnell's wrongful arrest claims, and his motion for summary judgment is

granted.  Accordingly, the Court hereby

ORDERS that Green's Motion for Summary Judgment (Instrument No. 31) is GRANTED.

SIGNED at Houston, Texas, on this 27th day of October, 2005.

_____
DAVID HITTNER
United States District Judge